UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLPH S. KOCH,         )
                                   )
             Plaintiff,       )
                                   )
            v.           )     Civil Action No. 09-02111 PLF
                                   )
MARY L. SCHAPIRO,     )
Chairman, United States     )
Securities and Exchange    )
Commission,             )
                 Defendant.  )
_____)

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

defendant hereby moves for an order dismissing this case due to plaintiff's failure to exhaust his

administrative remedies prior to its filing.  Plaintiff, who was an SEC employee at the relevant

time, was covered by a collective bargaining agreement that included provisions governing the

processing of employee grievances.  The Civil Service Reform Act of 1978, at 5 U.S.C. § 7121,

provides that an employee subject to a collective bargaining agreement who alleges a discrim-

inatory personnel practice must elect to pursue his or her claim under the statutory procedures

(e.g., the procedures for processing a complaint under Title VII of the Civil Rights Act of 1964,

the Age Discrimination In Employment Act, and the Rehabilitation Act) or via the grievance

process provided in the collective bargaining agreement.

Once the choice is made, it is irrevocable, <u>Johnson v. Peterson</u>, 996 F.2d 397, 399 (D.C.

Cir. 1993), and the choice to pursue the grievance process must be followed to its conclusion: an

adverse decision on the grievance must be appealed to the Equal Employment Opportunity

Commission or, if applicable, to the Merit Systems Protection Board, and only thereafter may a

civil law suit be filed under the anti-discrimination statutes.  Id., 966 F.2d at 400-01.  In this case,

plaintiff elected to follow the negotiated grievance process but then failed to pursue the matter

through the grievance process after his step three appeal of the grievance was denied by the SEC.

The Union did not seek arbitration of the step three denial, and plaintiff did not appeal the step

three denial to the EEOC.  This case should be dismissed for failure to exhaust the available

administrative remedies.

In support of this motion, the Court is referred to the accompanying statement of material

facts as to which there is no genuine dispute and to the accompanying memorandum of points

and authorities.  A draft order reflecting the requested relief is also attached.

Plaintiff should take notice that any factual assertions contained in the attachments in

support of defendants' motion will be accepted by the Court as true unless plaintiff submits his

own declarations or other documentary evidence contradicting the assertions in the defendant's

attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), and Fed. R. Civ. P. 56(e)(1)

and (2), which provides as follows:

> (1) In General.  A supporting or opposing affidavit must be made
> on personal knowledge, set out facts that would be admissible in
> evidence, and show that the affiant is competent to testify on the
> matters stated.  If a paper or part of a paper is referred to in an
> affidavit, a sworn or certified copy must be attached to or served
> with the affidavit.  The court may permit an affidavit to be
> supplemented or opposed by depositions, answers to interroga-
> tories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond.  When a motion for summary
> judgment is properly made and supported, an opposing party may not rely
> merely on allegations or denials in its own pleading; rather, its response
> must – by affidavits or as otherwise provided in this rule – set out specific

facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar #434122
Chief, Civil Division

BY:  /s/ *Fred E. Haynes*
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201
fred.haynes@usdoj.gov

OF COUNSEL:

KRISTIN S. MACKERT
PAUL BROCKMEYER
Office of the General Counsel
United States Securities and Exchange Commission
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLPH S. KOCH,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    Civil Action No. 09-02111 PLF
                                     )
MARY L. SCHAPIRO,                    )
Chairman, United States             )
Securities and Exchange             )
Commission,                         )
                Defendant.           )
_____     )

DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h)(1), defendant submits this statement of material facts as to which

there is no genuine issue:

1.  The SEC and the National Treasury Employees Union ("Union") entered into the

Collective Bargaining Agreement ("CBA") currently in effect on October 30, 2007.  Exhibit A to

the memorandum in support of defendant's motion to dismiss or for summary judgment, the

declaration of Thomas Funciello (hereafter, Funciello Declaration), ¶ 2.

2.  Plaintiff was at the relevant time a member of the bargaining unit and was subject to

the CBA.  Id.

3.  On March 27, 2009, plaintiff filed a grievance, attached as Exhibit 2 to the Funciello

declaration, pursuant to the negotiated grievance procedure contained in the CBA, asserting that

the SEC violated the Rehabilitation Act, Title VII of the Civil Rights Act of 1964 ("Title VII"),

and the Age Discrimination in Employment Act of 1967 ("ADEA") by not timely processing his

request for information relating to advanced annual leave, sick leave, and participation in the

leave transfer program and by failing to follow the procedures for disability accommodation requests that are posted on the SEC's intranet.  Id., ¶ 4.

4.  On April 3, 2009, plaintiff filed a second grievance, attached as Exhibit 3 to the Funciello declaration, under the CBA's negotiated grievance procedure asserting that the SEC violated the Rehabilitation Act, Title VII, and the ADEA by concluding that he did not suffer from a disability and by failing to request and consider medical information necessary to fully consider his accommodation request.

5.  On May 8, 2009, Carol Hallowell, Branch Chief, Office of Human Resources ("OHR") denied the March 27, 2009, and April 3, 2009, Step One Grievances.  Exhibits 4 and 5 to the Funciello declaration.

6.  On July 6, 2009, plaintiff and the Union submitted Step Two Grievances which disagreed with Ms. Hollowell Step One decisions issued on May 8, 2009.  Exhibits 6 and 7 to the Funciello declaration.

7.  On July 21, 2009, Teri Ellison, Assistant Director, OHR, affirmed the denial of plaintiff's Step One Grievances.  Exhibits 8 and 9 to the Funciello declaration.

8.  On July 22, 2009, plaintiff and the Union submitted Step Three Grievances stating that they were not satisfied with the Step Two decisions.  Exhibits 10 and 11 to the Funciello declaration.

9.  On August 11, 2009, Jeffrey Risinger, Associate Executive Director, OHR, issued a response denying both of plaintiff's Step Three Grievances.  Exhibits 12 and 13 to the Funciello declaration.

10.  Under Article 33 of the CBA, the Union had 30 days after receipt of the final

decision to request binding arbitration on behalf of plaintiff.  Exhibit 1 to the Funciello

declaration, at 16.

11.  The Union did not invoke arbitration on either of plaintiff's grievances.  Funciello

dec-laration, ¶ 12.

12.  The SEC has not received any notification that plaintiff appealed the adverse deci-

sions of either of his grievances to the Equal Employment Opportunity Commission or the Merit

Systems Protection Board.  Funciello declaration, ¶ 13.

> Respectfully submitted,
>
> RONALD C. MACHEN JR., D.C. Bar #447889
> United States Attorney
> for the District of Columbia
>
> RUDOLPH CONTRERAS, D.C. Bar #434122
> Chief, Civil Division
>
> BY:  /s/ *Fred E. Haynes*
> FRED E. HAYNES, D.C. Bar #165654
> Assistant United States Attorney
> 555 Fourth Street, N.W., Room E-4110
> Washington, D.C. 20530
> 202.514.7201
> fred.haynes@usdoj.gov

OF COUNSEL:

KRISTIN S. MACKERT
PAUL BROCKMEYER
Office of the General Counsel
United States Securities and Exchange Commission
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RANDOLPH S. KOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-02111 PLF |
| | ) | |
| MARY L. SCHAPIRO, | ) | |
| Chairman, United States | ) | |
| Securities and Exchange | ) | |
| Commission, | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The complaint asserts that defendant violated Sections 501 and 505 the Rehabilitation

Act of 1973, 29 U.S.C. §§ 791 and 794 ("the Rehabilitation Act"), Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Age Discrimination in Employment Act of

1967, 29 U.S.C. § 633a ("ADEA"), by not promptly granting plaintiff's requests for accommo-

dations and for other relief, relief that was based on his alleged disabilities.  The claims asserted

in the complaint are barred by plaintiff's failure to exhaust his administrative remedies.  Plaintiff

previously raised these claims in two grievances brought under the SEC's negotiated grievance

procedure with the National Treasury Employees Union ("Union").  However, after the SEC

denied plaintiff's step three grievances, the Union did not request arbitration on either of

plaintiff's grievances, and plaintiff did not appeal the SEC's adverse decisions to the Equal

Employment Opportunity Commission ("EEOC") or the Merit Systems Protection Board, which

is required before filing a complaint on the grieved issues in federal district court.  See Johnson

v. Peterson, 996 F.2d 397 (D.C. Cir. 1993).  It follows that the complaint should be dismissed.

BACKGROUND

Plaintiff is a sixty-two year old, white, Jewish male who was employed by the SEC..

Complaint, ¶¶ 4, 6.  In early October 2008, plaintiff began an extended absence from work.

Complaint, ¶¶ 28, 37.  On January 1, 2009, plaintiff submitted an Accommodations Request

Form to the Agency's Disability Program Office seeking flexible telework, a modified part-time

schedule of 15-20 hours a week, leave, and/or a transfer to a new position as reasonable

accommodations.  Plaintiff submitted some medical documentation in support of his request and

provided a limited medical release to the Agency on January 28, 2009.  Exhibit 11, at 3, to

Exhibit A hereto (hereafter referred to as the Funciello declaration).  On January 29, 2009,

plaintiff also sent an e-mail to Jeffery Risinger, Associate Executive Director, Office of Human

Resources ("OHR"), requesting information relating to advanced annual leave, sick leave, and

participation in the Agency's leave transfer program.  Exhibit 2, at 2, to Funciello declaration

(Exhibit 2 is the first grievance).

The Agency's Disability Program Office forwarded plaintiff's medical documentation to

Dr. Neal Presant, a physician with the Federal Occupational Health Service, who consulted with

plaintiff's treating physicians and provided a written assessment of plaintiff to the Agency on

February 11, 2009.   Dr. Presant found that there was no reason why plaintiff was not able to

work, at least since January 2009.  Dr. Presant explained that although the medical evidence

established that plaintiff had been treated for multiple medical conditions since October 2008, it

did not reveal that plaintiff was substantially limited in any major life activity or required any

accommodation to perform his duties as a financial analyst.  Exhibit 11, at 3 and 4, to the

Funciello declaration.  Based upon Dr. Presant's medical assessment, the SEC's Disability

2

Program Office informed plaintiff on March 16, 2009, that there was insufficient evidence to support plaintiff's requests for accommodation.

On March 27, 2009, plaintiff filed a grievance pursuant to the negotiated grievance procedure contained in the CBA between the SEC and the Union.  Complaint, ¶ 65, and Exhibit 2 to the Funciello Declaration.   The March 27 grievance asserts that the SEC violated the Rehabilitation Act, Title VII, and the ADEA by not timely processing plaintiff's accommodation request, by not following the procedures posted on the intranet for the handling of accommodation requests, and by not responding to plaintiff's request for information on the leave transfer program and for applications for advanced sick and annual leave.  Exhibit 2 to Funciello declaration, at 1 and 3.

On April 3, 2009, plaintiff filed a second grievance under the CBA's negotiated grievance procedure.  Exhibit 3 to the Funciello Declaration.  This grievance alleges that the SEC violated the Rehabilitation Act, Title VII, and the ADEA by concluding that plaintiff did not suffer from a disability and by failing to request and consider medical information necessary to fully consider plaintiff's accommodation request.  Id.

On May 8, 2009, Carol Hallowell, Branch Chief, Office of Human Resources ("OHR") denied the March 27, 2009, and April 3, 2009, Step One Grievances.  Exhibits 4 and 5 to the Funciello declaration.  On July 6, 2009, plaintiff and the Union submitted Step Two Grievances which disagreed with Ms. Hollowell Step One decisions issued on May 8, 2009.  Exhibits 6 and 7 to the Funciello declaration.

On July 21, 2009, Teri Ellison, Assistant Director, OHR, affirmed the denial of plaintiff's Step One Grievances.  Exhibits 8 and 9 to the Funciello declaration.  On July 22, 2009,

3

plaintiff and the Union submitted Step Three Grievances stating that they were not satisfied with the Step Two decisions.  Exhibits 10 and 11 to the Funciello declaration.  On August 11, 2009, Jeffrey Risinger, Associate Executive Director, OHR, issued a response denying both of plaintiff's Step Three Grievances.  Exhibits 12 and 13 to the Funciello declaration.

Under Article 33 of the CBA, the Union had 30 days after receipt of the final decision to request binding arbitration on behalf of plaintiff.  Exhibit 1 to the Funciello declaration.  The Union did not invoke arbitration on either of plaintiff's grievances.  Funciello declaration, ¶ 12. The SEC has not received any notification that plaintiff appealed the adverse decisions of either of his grievances to the Equal Employment Opportunity Commission or the Merit Systems Protection Board.  Funciello declaration, ¶ 13.  The SEC is subject to the Civil Service Reform Act, in particular 5 U.S.C. § 7121.  See Exhibit 1, at 9, the Funciello declaration (Exhibit 1 is relevant portions of the CBA between the SEC and the Union).

The complaint was filed on November 11, 2009.  It is very lengthy, twenty-one pages, because it recounts in detail plaintiff's medical problems from 1990 forward.  Paragraphs 67 to 72 of the complaint, which appear under the caption "Allegations of Violations," establish that plaintiff is challenging the denial by the SEC of his two requests for accommodation under the Rehabilitation Act, and the circumstances surrounding the denial of the two requests.

<u>ARGUMENT</u>

The Civil Service Reform Act of 1978 ("CSRA") requires unions and federal employers to include procedures for settling grievances in their collective bargaining agreements.  With limited exception, the CSRA provides that the grievance procedure in any collective bargaining agreement "shall be the exclusive administrative procedure[ ] for resolving grievances which fall

4

within [the agreement's] coverage."  5 U.S.C. § 7121(a)(1).  Where the employee is aggrieved by

discrimination, however, he may elect to seek relief under an alternative procedure, described as

the statutory procedures.  <u>Id.</u>, at §7121(d).  These procedures are the ones followed in the

handling of complaints of discrimination under, e.g., Title VII, the ADEA, and the Rehabilitation

Act.

       An employee who alleges employment discrimination "must elect to pursue his claim

under either a statutory procedure or a union-assisted grievance procedure; he cannot pursue both

avenues, and his election is irrevocable."  <u>Vinieratos v. U.S. Dep't of the Air Force</u>, 939 F.2d

762, 768 (9th Cir. 1991); <u>Johnson v. Peterson</u>, <u>supra</u>, 996 F.2d at 398-99 (a federal employee

who is aggrieved by discriminatory personnel practices may, in the first instance, pursue his

grievance under the negotiated grievance procedure or the statutory complaint procedure, but not

both).  Under 5 U.S.C. § 7121(d), an employee is deemed to have made his selection when he

timely initiates an action under the applicable statutory procedure or timely files a grievance in

writing, whichever event occurs first.

       By invoking the negotiated procedure, as plaintiff did here, an employee commits to

resolving his grievance in accordance with the collective bargaining agreement between his

union and the agency.  Once that process is completed, the employee, in a matter involving only

claims of discrimination,  may appeal the final decision to the EEOC.  Only after the EEOC has

rendered a decision or failed to do so within 180 days may the employee file suit in district court.

<u>Johnson</u>, <u>supra</u>, 996 F.2d at 401.  <u>See</u> <u>also</u> 29 C.F.R. § 1614.401(d) ("A grievant may appeal the

final decision of the agency [or] the arbitrator [to the EEOC] ... when an issue of employment

discrimination was raised in a negotiated grievance procedure that permits such issues to be

5

raised.").

In this case, plaintiff and the Union pursued the March 27 and April 3, 2009, grievances through the third step in the parties' negotiated grievance process. When the SEC denied the step three grievances, the Union had 30 days to request binding arbitration. See Exhibit 1 to the Funciello declaration, at 16 (Section 1.A.). The Union did not request arbitration on either grievance. Nothing further happened until plaintiff filed this lawsuit. As explained earlier, the failure to exhaust is grounds for dismissal of this case.

One final point merits consideration: whether there is a basis in the doctrine of equitable tolling to excuse plaintiff's failure to exhaust his administrative remedies. As to plaintiff's claims under the Rehabilitation Act, the failure to exhaust is jurisdictional, i.e., the failure to exhaust cannot be excused by the Court. Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006). This means that dismissal of the Rehabilitation Act claims is based on Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction). Exhaustion under Title VII is not jurisdictional. Pearsall v. Holder, 610 F.Supp.2d 87, 95 (D.D.C. 2009) (Friedman, J.). It remains unclear in this District whether failure to exhaust is jurisdictional under the ADEA. See Coghlan v. Peters, 555 F.Supp 2d 187, 191 (D.D.C. 2008) (Friedman, J.). Because the gravamen of this case is the failure to accommodate plaintiff's alleged disabilities under the Rehabilitation Act, plaintiff's failure to exhaust should be viewed as jurisdictional. In any event, plaintiff, who has filed numerous cases alleging discrimination over the years, see the docket of this case (the list of related cases), will not be able to establish an equitable basis for the failure to exhaust the administrative remedies.

6

<u>CONCLUSION</u>

For the reasons set forth above, the complaint should be dismissed.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar #434122
Chief, Civil Division

BY:  /s/ *Fred E. Haynes*
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201
fred.haynes@usdoj.gov

OF COUNSEL:

KRISTIN S. MACKERT
PAUL BROCKMEYER
Office of the General Counsel
United States Securities and Exchange Commission
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH S. KOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-02111 PLF |
| | ) |
| MARY L. SCHAPIRO, | ) |
| Chairman, United States | ) |
| Securities and Exchange | ) |
| Commission, | ) |
| Defendant. | ) |
| | ) |

<u>ORDER</u>

Upon consideration of defendant's motion to dismiss or, in the alternative, for summary judgment and the response thereto, it is this __ day of _____, 2010,

ORDERED that defendant's motion is granted; and it is further

ORDERED that this case is dismissed from the docket of this Court with prejudice.  This is an appealable, final order.

UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 4th day of June, 2010, that I served a copy of the foregoing motion to

dismiss or, in the alternative, for summary judgment by first-class mail, postage prepaid, to the

below address:

> Mr. Randolph S. Koch
> 7701 Woodmont Avenue, Apt. 807
> Bethesda, MD 20814

> /s/ *Fred E. Haynes*
> FRED E. HAYNES, DC Bar #165654
> Assistant United States Attorney
> 555 4th Street, N.W., Room E-4110
> Washington, D.C. 20530
> 202.514.7201
> fred.haynes@usdoj.gov