UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
RANDOLPH S. KOCH,                       )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 09-2111 (PLF)
                                        )
ELISSE B. WALTER, Chairman,             )
   Securities and Exchange Commission,  )
                                        )
        Defendant.                      )
_____ )

OPINION

        This matter is before the Court on defendant's motion to dismiss pursuant to Rule

12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for

summary judgment.  Plaintiff Randolph S. Koch has charged his employer, the Securities and

Exchange Commission ("SEC"), with violating various employment discrimination statutes

when it allegedly denied his disability accommodation requests, refused to permit him to enter

certain leave programs, and failed to handle his requests promptly.  The SEC contends that Mr.

Koch failed to exhaust his administrative remedies by not appealing the agency's final decision

to the Equal Employment Opportunity Commission ("EEOC"), and that he therefore cannot

bring these claims in federal court.  After careful consideration of the parties' papers, the

relevant legal authorities, and the entire record in this case, the Court will grant the defendant's

motion.[1]

_____
        [1]        The papers reviewed in connection with this motion include: the plaintiff's
complaint ("Compl.") [Dkt. No. 1]; defendant's memorandum in support of the

I.  BACKGROUND

Randolph S. Koch worked as a financial analyst at the SEC from 1991 until 2009. Compl. ¶¶ 4, 8.  Mr. Koch is a white, Jewish male over the age of forty, and he asserts that he suffers from a variety of disabling medical conditions.  Id. ¶ 6.  Based on these protected statuses, he has initiated numerous administrative and civil proceedings against the SEC and other government agencies for alleged violations of the Rehabilitation Act, the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964. Id. ¶ 7; see also Koch v. Holder, --- F. Supp. 2d ----, 2013 WL 953368 (D.D.C. Mar. 13, 2013); Koch v. Schapiro, 759 F. Supp. 2d 67 (D.D.C. 2011); Koch v. Schapiro, 699 F. Supp. 2d 3 (D.D.C. 2010); Koch v. Donaldson, 260 F. Supp. 2d 86 (D.D.C. 2003).  The present action arises from Mr. Koch's requests to his employer for accommodations for his health problems, and the agency's denial of these requests.

In October 2008, Mr. Koch began an extended leave from his work at the SEC. Compl. ¶¶ 28, 37; Funciello Decl. Ex. 11 at 3.  On January 1, 2009, Mr. Koch submitted an Accommodations Request Form to the Disability Program Office.  Funciello Decl. Ex. 11 at 3. In support of his request, he provided letters from two doctors and a copy of a medical report. Id.  The Office forwarded this documentation, along with a copy of Koch's job description, to a physician with the Federal Occupational Health Service, who, after reviewing this information and consulting with Mr. Koch's physicians, provided a written assessment finding no present

---

motion to dismiss or, in the alternative, for summary judgment ("Def.'s Mot.") [Dkt. No. 8]; defendant's statement of material facts as to which there is no genuine issue (Def.'s Stmt. Mat. Facts") [Dkt. No. 8]; declaration of Thomas Funciello ("Funciello Decl.") [Dkt No. 8-1]; plaintiff's memorandum in support of his opposition to defendant's motion ("Pl.'s Opp.") [Dkt. No. 30]; plaintiff's statement of material facts in dispute ("Pl.'s Stmt. Mat. Facts") [Dkt. No. 30]; and defendant's reply in support of the motion to dismiss or, in the alternative, for summary judgment ("Def.'s Reply") [Dkt. No. 32].

reason why Mr. Koch was unable to work.  Id. at 3-4.  The agency denied Mr. Koch's accommodation requests on March 16, 2009.  Id. at 4.  Mr. Koch claims that he submitted a second accommodation request, with additional medical information, on February 2, 2009.  Compl. ¶ 57.  The SEC's March 16, 2009 letter does not address this second request.  Id. ¶ 64; see also Funciello Decl. Ex. 11.  In addition, in early 2009, Mr. Koch requested information from the SEC relating to advanced annual leave, sick leave, and the agency's leave transfer program, but, according to Mr. Koch, he did not receive this information in a timely manner.  Compl. ¶ 66; see Funciello Decl. ¶ 2 at 2 (discussing Jan. 29, 2009 email from Koch to Associate Executive Director of Office of Human Resources ("OHR")).

In response to the SEC's actions, Mr. Koch decided to avail himself of the negotiated grievance procedure contained in the Collective Bargaining Agreement ("CBA") entered into by the SEC and his union, the National Treasury Employees Union ("Union").  Def.'s Stmt. Mat. Facts ¶¶ 1-2; see Funciello Decl. Ex. 1.  The CBA provides for an escalating review of an employee's grievances at different management levels within the agency.  Funciello Decl. Ex. 1.  If the agency and the employee cannot resolve the dispute after three "steps" of review, the Union may invoke arbitration on behalf of the employee.  Id.

On March 27, 2009, Mr. Koch filed a Step One Grievance pursuant to the CBA's negotiated grievance procedure.  Compl. ¶ 65; Def.'s Stmt. Mat. Facts ¶ 3.  In his grievance, Mr. Koch asserted that the SEC violated the Rehabilitation Act, Title VII, and the ADEA by (i) neglecting to timely process his request for information relating to annual and sick leave policies and the agency's leave transfer program, and (ii) failing to follow the procedures posted on the SEC's intranet for disability accommodation requests.  Def.'s Stmt. Mat. Facts ¶ 3; Funciello Decl. Ex. 2 ¶ 4.

One week later, on April 3, 2009, Mr. Koch filed a second Step One Grievance. Def.'s Stmt. Mat. Facts ¶ 4; Funciello Decl. Ex. 3.  In this second grievance, Mr. Koch asserted that the SEC violated the Rehabilitation Act, Title VII, and the ADEA by (i) concluding that he did not suffer from a disability, and (ii) failing to request and consider medical information necessary to properly evaluate his accommodation request.  Def.'s Stmt. Mat. Facts ¶ 4; Funciello Decl. Ex. 3.  On May 8, 2009, Carol Hallowell, OHR Branch Chief, denied the March 27, 2009 and April 3, 2009 Step One Grievances.  Def.'s Stmt. Mat. Facts ¶ 5; Funciello Decl. Exs. 4 and 5.  Mr. Koch and the Union then submitted Step Two Grievances, stating that they were not satisfied with the Step One decisions.  Def.'s Stmt. Mat. Facts ¶ 6; Funciello Decl. Exs. 6 and 7.  These Step Two Grievances were denied by Teri Ellison, OHR Assistant Director, on July 21, 2009.  Def.'s Stmt. Mat. Facts ¶ 7; Funciello Decl. Exs. 8 and 9.  On July 22, 2009, Mr. Koch and the Union submitted Step Three Grievances; these grievances were denied by Jeffrey Risinger, OHR Associate Executive Director, on August 11, 2009.  Def.'s Stmt. Mat. Facts ¶¶ 8-9; Funciello Decl. Exs. 10-13.  The Union declined to invoke arbitration on either of the grievances, Funciello Decl. ¶ 12, and Mr. Koch did not appeal the adverse Step Three decisions to the EEOC.[2]

On November 9, 2009, Mr. Koch filed this civil action in this Court.  Mr. Koch claims that the SEC violated the Rehabilitation Act by denying his accommodation requests and by failing to handle his requests promptly.  Compl. ¶¶ 67-70, 72.  Mr. Koch further alleges that the denial of his requests were in retaliation for his past exercise of rights under the Rehabilitation Act, Title VII, and the ADEA.  Id. ¶ 71.  He also alleges misuse of his medical

---

[2]     Under certain circumstances, not applicable here, a grievant may be required to appeal the agency's final decision to the Merit Systems Protection Board ("MSPB").  There is no evidence that Mr. Koch filed an appeal with the MSPB.  See Def.'s Stmt. Mat. Facts ¶ 12.

information, in violation of the Rehabilitation Act.  Id. ¶ 70(f).  The SEC moves to dismiss or, in the alternative, for summary judgment, asserting that Mr. Koch was required to appeal the agency's Step Three decision to the EEOC before filing a civil complaint in this Court.  By failing to pursue this appeal, the SEC asserts, Koch failed to exhaust his administrative remedies. Def.'s Mot. at 1, 6.

## II.  LEGAL STANDARDS

While Mr. Koch is proceeding *pro se* in this case, the Court notes that he is a lawyer, see Feb. 15, 2013 Memorandum Opinion and Order (Dkt. No. 30), and is an active litigant who has considerable experience pursuing employment discrimination matters. Nevertheless, the Court reviews his filings under "less stringent standards than formal pleadings [or legal briefs] drafted by lawyers."  Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### A.  Motion to Dismiss under Rule 12(b)(1)

Exhaustion of administrative remedies is a jurisdictional requirement under the Rehabilitation Act, Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006), but is an affirmative defense, not a jurisdictional requirement, under the ADEA and Title VII.  See Koch v. Schapiro, 699 F. Supp. 2d at 12; Pearsall v. Holder, 610 F. Supp. 2d 87, 95 (D.D.C. 2009).  Accordingly, it is Mr. Koch's burden to demonstrate exhaustion under the Rehabilitation Act and the SEC's burden to demonstrate Koch's failure to exhaust under the ADEA and Title VII.  See Koch v. Schapiro, 699 F. Supp. 2d at 12.

Federal courts are courts of limited jurisdiction, with the ability to hear only the cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir.

2005); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005).  On a Rule

12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of

establishing that the Court has jurisdiction.  See Sierra Club v. Jackson, 813 F. Supp. 2d 149, 154

(D.D.C. 2011) (citing Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68,

72 (D.D.C. 2004)).  The Court must accept all well-pled factual allegations in the complaint as

true, but may consider materials outside the pleadings "as it deems appropriate to resolve the

question whether it has jurisdiction to hear the case."  Ascom Hasler Mailing Sys., Inc. v. United

States Postal Serv., 815 F. Supp. 2d 148, 156 (D.D.C. 2011) (quoting Scolaro v. D.C. Board of

Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000)).  See Jerome Stevens Pharms., Inc. v.

FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).  The Court must construe the complaint liberally

in the plaintiff's favor, but the Court need not accept factual inferences drawn by the plaintiff if

those inferences are not supported by facts alleged in the complaint, nor must the Court accept

the plaintiff's legal conclusions.  See Sierra Club v. Jackson, 813 F. Supp. 2d at 154 (citing

Primex Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003)).

### B.  Summary Judgment

As the Court relies on matters outside the parties' pleadings when considering the

motion to dismiss Mr. Koch's Title VII and ADEA claims for failure to state claims, the Court

will apply the standards for summary judgment.  See FED. R. CIV. P. 12(d).  Summary judgment

may be granted if "the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); see Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C.

Cir. 2006).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the

governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary

judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. at 248).  An issue is "genuine" if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party.  See Scott v. Harris, 550 U.S. 372, 380

(2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.

   While on summary judgment "the evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor," Anderson v. Liberty Lobby, Inc., 477

U.S. at 255, the non-moving party's opposition must consist of more than mere unsupported

allegations or denials and must be supported by affidavits, declarations or other competent

evidence, setting forth specific facts showing that there is a genuine issue for trial.  FED. R. CIV.

P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the non-movant's evidence is

"merely colorable" or "not significantly probative," summary judgment may be granted.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380

("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co.

v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III.  DISCUSSION

   Federal employees must exhaust their administrative remedies before filing suit

under Title VII, the Rehabilitation Act, or the ADEA.  See 42 U.S.C. § 2000e-16(c) (requiring

exhaustion under Title VII procedures); 29 U.S.C. § 794a(a)(1) (applying the remedies,

procedures, and rights associated with Title VII claims to Rehabilitation Act claims); 29 U.S.C.

§ 633a(b)-(d) (providing exhaustion requirements under ADEA); see also Payne v. Salazar, 619

F.3d 56, 58 (D.C. Cir. 2010).  To begin that process, the employee generally must contact an

Equal Employment Opportunity counselor to complain about the alleged violation, and, if

counseling is ineffective, the employee then may file a formal complaint with the agency.  29

C.F.R. § 1614.105 (2012); id. § 1614.106; see Bell v. Donley, 724 F. Supp. 2d 1, 8 (D.D.C.

2010).  The complainant must then proceed through the administrative process.  Id.

   Under the Civil Service Reform Act, however, a federal employee who is subject

to a CBA and who wishes to pursue an employment discrimination claim may choose to do so

either through the statutory and regulatory path discussed above *or* through the CBA's

negotiated grievance procedure.  See 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a) (2012); see

also Johnson v. Peterson, 996 F.2d 397, 398-99 (D.C. Cir. 1993).  An employee is deemed to

have made his selection upon either filing an administrative complaint or filing a grievance, and

that election is irrevocable.  5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a).

   By filing his March 27, 2009 and April 3, 2009 Step One Grievances, Mr. Koch

elected to pursue the resolution of his dispute in accordance with the CBA's negotiated grievance

procedures.  The parties agree that Koch did not take his grievances beyond Step Three.  See

Def.'s Mot. at 6; Pl.'s Opp. at 1.

### A. Mr. Koch Failed to Exhaust His Administrative Remedies

   Before Mr. Koch was permitted to file a civil action in this Court, he was required

first to file an appeal to the EEOC.  5 U.S.C. § 7121(d); 42 U.S.C. § 2000e-16(c); 29 C.F.R.

§ 1614.401(d) (2012).  See Johnson v. Peterson, 996 F.2d at 400-01; Smith v. Jackson, 539 F.

Supp. 2d 116, 130 n.19 (D.D.C. 2008).  In Johnson, as in this case, plaintiffs pursued their

employment discrimination claims through a negotiated grievance procedure.  Johnson v.

Peterson, 996 F.2d at 399.  After the agency issued a final decision adverse to plaintiffs,

plaintiffs' union invoked arbitration.  Id.  The arbitrator issued a decision against plaintiffs, and

plaintiffs filed a civil action in this Court; that action was subsequently dismissed for failure to

exhaust.  Id.  The D.C. Circuit affirmed, finding that plaintiffs were required to appeal the arbitrator's decision to the EEOC before bringing suit in federal court.  Id. at 399-401.

In its analysis in Johnson, the D.C. Circuit undertook a close examination of 5 U.S.C. § 7121(d), 42 U.S.C. § 2000e-16(c), and 29 C.F.R. § 1613.231 (1990), the predecessor regulation to 29 C.F.R. § 1614.401(d).  Johnson v. Peterson, 996 F.2d at 400-01.  42 U.S.C. § 2000e-16(c), which has remained unchanged since the Johnson decision, provides, in relevant part:

> Within 90 days of receipt of notice of final action taken [i] by a department, agency, or unit referred to in subsection (a) of this section, or [ii] by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C.A. § 2000e-16(c).  The court held that 42 U.S.C. § 2000e-16(c) permits an aggrieved employee to file a civil action in district court *only* after either (1) a final action is taken by the agency pursuant to the statutory complaint procedure (inapplicable here), or (2) a final action is taken by the EEOC upon appeal.  Johnson v. Peterson, 996 F.2d at 400.  An employee who pursues his claims under the negotiated grievance procedure, therefore, may reach federal court only after appealing the final decision in the grievance process to the EEOC.  Id.  The court then observed that 5 U.S.C. § 7121(d) and what was then denominated 29 C.F.R. § 1613.231 provide the statutory and regulatory mechanism by which a grievant may bring that appeal.  Id. at 400-01.

Johnson is directly applicable here, irrespective of the fact that the final step in the grievance process for the Johnson plaintiffs was arbitration, while the final step in Mr. Koch's case was the agency's Step Three decision.  Under Johnson, a plaintiff who receives an adverse decision in a negotiated grievance procedure must appeal to the EEOC before bringing his claim in federal court.  Johnson v. Peterson, 996 F.2d at 400; see also Linthecome v. O'Neill, 266 F. Supp. 2d 514, 517-18 (N.D. Tex. 2001) (dismissing employment discrimination claim for nonexhaustion, where plaintiff failed to appeal the agency's final grievance decision to the EEOC following union's decision not to seek arbitration).  By not appealing the Step Three decision to the EEOC, Mr. Koch has likewise failed to exhaust his administrative remedies.

### B.  Equitable Considerations Do Not Warrant Excusing Mr. Koch's Nonexhaustion

Mr. Koch argues that his failure to exhaust should be excused on equitable grounds.  As noted supra at 5, exhaustion of administrative remedies is a jurisdictional requirement for claims arising under the Rehabilitation Act.  See Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006); Moore v. Schafer, 573 F. Supp. 2d 216, 219 & n.4 (D.D.C. 2008). Because Mr. Koch has failed to allege facts sufficient to establish that he exhausted his Rehabilitation Act claims, those claims must be dismissed pursuant to Rule 12(b)(1).  This Court lacks authority to excuse Mr. Koch's failure to exhaust his Rehabilitation Act claims, even if equitable considerations counseled in favor of doing so.  See Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004).

By contrast, failure to exhaust under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement.  See Koch v. Schapiro, 699 F. Supp. 2d at 12; Pearsall

v. Holder, 610 F. Supp. 2d at 95 (D.D.C. 2009).[3]  Accordingly, the question before the Court is

whether Mr. Koch's failure to exhaust his administrative remedies for those claims arising under

the ADEA and Title VII – namely, that the SEC denied Mr. Koch's accommodation requests in

retaliation for his participation in Title VII and ADEA proceedings against the agency – may be

excused on equitable grounds.  See Avocados Plus Inc. v. Veneman, 370 F.3d at 1247; Rann v.

Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (noting failure to exhaust under ADEA is subject to

equitable defenses).

       Mr. Koch first asserts that his failure to exhaust should be excused because there

is no regulatory mechanism for appealing a Step Three decision to the EEOC.  See Pl.'s Opp. at

2-3.  He argues that because he lacked the ability to appeal this decision, his administrative

remedy was ineffective, and exhaustion should not be required.  He bases this otherwise

unsupportable argument on a single EEOC decision, Mills v. Donaldson, No. 01A40558, 2004

WL 717088 (E.E.O.C. Mar. 24, 2004), in which the EEOC stated, without analysis or discussion,

that the complainant could not file an appeal of the agency's decision to the EEOC without first

receiving a decision from an arbitrator.  Id. at 1.  Koch argues that "[u]nder this decision, Koch

did not have authority to appeal his decision from the last available stage of the grievance since,

according to the EEOC, he never received a 'final decision' by the agency or an arbitrator.'"

Pl.'s Opp. at 3.[4]

---

[3]     The SEC unpersuasively argues that Mr. Koch's failure to exhaust "should be
viewed as jurisdictional" on the ground that "the gravamen of this case is the failure to
accommodate plaintiff's alleged disabilities under the Rehabilitation Act."  Def.'s Mot. at 6.
Under this theory, activities protected under Title VII or the ADEA may be subject to the
Rehabilitation Act's jurisdictional exhaustion requirements, simply because of the nature of the
employer's adverse actions.  The SEC fails to cite any legal authority to support its approach,
and the Court declines to adopt it.

[4]     The Court notes that this case is distinguishable from Fernandez v. Chertoff, 471
F.3d 45 (2d Cir. 2006), in which the Union had invoked the arbitration procedures on behalf of

The Court, of course, is not bound by a decision of the EEOC.  More importantly, the EEOC decision in Mills is an anomaly.  It is contradicted by the relevant regulation as well as by prior and subsequent EEOC decisions.  29 C.F.R. § 1614.401(d) provides as follows:

> A grievant may appeal [to the EEOC] *the final decision of the agency*, the arbitrator, or the Federal Labor Relations Authority (FLRA) on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised.  A grievant may not appeal under this part, however, when the matter initially raised in the negotiated grievance procedure is still ongoing in that process, is in arbitration, is before the FLRA, is appealable to the MSPB or if 5 U.S.C. § 7121(d) is inapplicable to the involved agency.

29 C.F.R. § 1614.401(d) (emphasis added).  Under the CBA, the SEC's Step Three decision was the final decision that the agency was going to issue in Mr. Koch's case.  The regulation, by its plain language, permits an appeal to the EEOC once the proceedings are complete and it is determined that the matter is not referred to arbitration.

Moreover, the EEOC and the federal courts have construed the agency's final decision in the grievance process, when the union has elected not to invoke arbitration, as the "final decision of the agency" under 29 C.F.R. § 1614.401(d).  See Rosell v. Wood, 357 F. Supp. 2d 123, 131-32 & n.13 (D.D.C. 2004); Linthecome v. O'Neill, 266 F. Supp. 2d at 517-18; McDaniel v. Snowbarger, No. 0220100005, 2012 WL 112398, at *2 (E.E.O.C. Jan. 6, 2012) (accepting appeal under 29 C.F.R. § 1614.401(d) of agency's decision at final step of escalating grievance review process); Johnson v. Donovan, No. 0220080010, 2011 WL 737355, at *1-2 (E.E.O.C. Feb. 18, 2011) (same); Caruth v. Snow, No. 02A50007, 2005 WL 1714443, at *1

---

the grievant, thereby preventing the grievant from appealing the Step Three decision to the EEOC until arbitration was concluded, but then failed to pursue the matter in arbitration.  The Second Circuit found that under those circumstances, the grievant's inability to appeal to the EEOC could be grounds for excusing nonexhaustion.

(same).  In fact, Mr. Koch was himself a party to one of these decisions in a separate case.  See Koch v. Cox, No. 0120080924, 2008 WL 957723 (E.E.O.C. Mar. 25, 2008).  The Court thus concludes that Mr. Koch's failure to exhaust cannot be excused based on the alleged inadequacy of the administrative remedy.

Mr. Koch further argues that his failure to appeal to the EEOC should be excused because he lacked adequate notice that he could appeal to the EEOC.  He notes that the CBA did not specify that an individual employee was required to appeal to the EEOC before filing a civil action.  See Pl.'s Stmt. Mat. Facts ¶ 1; Funciello Decl. Ex. 1.  He also asserts that in or around April 2009, Thomas Funciello, Branch Chief for Employee Labor Relations in the SEC's Office of Human Resources, informed Mr. Koch that he would be permitted to file a civil action upon conclusion of the internal grievance process.  See Koch Decl. ¶ 3; Pl.'s Opp. at 7.

It may be appropriate, under certain circumstances, to excuse an employee's nonexhaustion of administrative remedies when the employee received incorrect advice from the agency on how to proceed with a complaint.  See, e.g., Broom v. Caldera, 129 F. Supp. 2d 25, 26-28 (D.D.C. 2001) (excusing nonexhaustion where administrative law judge misinformed complainant about proper procedures); but see Marshall v. Honeywell Tech. Solutions, 536 F. Supp. 2d 59, 68 (D.D.C. 2008) (declining to excuse untimely filing due to reliance on misinformation, where plaintiff was "no stranger to the administrative charge process" and had failed to act diligently).  Mr. Koch's assertion of ignorance is directly contradicted by the EEOC's decision in one of Mr. Koch's own prior cases, issued only a year before the events at issue here.  Koch v. Cox, 2008 WL 957723.  In that case, Mr. Koch did, in fact, file an appeal of his Step Three Decision.  The EEOC accepted his appeal, finding that because the Union failed to take affirmative measures to pursue arbitration, the agency's Step Three decision was deemed

its "final appealable decision."  Id. at 2.[5]  In light of this decision, along with the fact that Mr.

Koch is a lawyer and a frequent litigant in employment discrimination proceedings, the Court

concludes that no rational fact-finder could find that Mr. Koch was misled about the EEOC

appeal requirement in a manner that would excuse his failure to exhaust administrative remedies.

       Nor is the Court persuaded by any of Mr. Koch's other arguments that his failure

to exhaust should be excused.  Although he asserts that he did not receive notification from the

Union that it was not invoking arbitration in sufficient time to file an appeal with the EEOC,

Pl.'s Stmt. Mat. Facts ¶ 5, he provides no information about when he received notification from

the Union, and he does not explain why he would not be able to appeal following notification of

its decision.  See Rosell v. Wood, 357 F. Supp. 2d at 131 n.13 (noting grievance decision

becomes final agency action, for purposes of appeal, when union declines to pursue arbitration);

Koch v. Cox, 2008 WL 957723 (permitting EEOC appeal many months after Step Three

decision was issued, where Union had only recently withdrawn its invocation of arbitration).

And while Mr. Koch argues that "the SEC was not prejudiced in any way" by his failure to

appeal to the EEOC, Pl.'s Opp. at 15, his failure deprived the EEOC of the opportunity to resolve

the dispute before federal court litigation was initiated.  In sum, considering the evidence in the

light most favorable to Mr. Koch, the Court can identify no genuine issue of material fact that

would support excusing Mr. Koch's failure to exhaust his administrative remedies.

---

[5]     Mr. Koch avers in his declaration that "[t]o the best of my recollection, I never received a grievance decision from the SEC informing me that I had the option of appealing that decision to the [EEOC]."  Koch Decl. ¶ 5.  This statement is plainly contradicted by the publicly available 2008 EEOC decision.

## IV.  CONCLUSION

For the reasons set forth above, the Court will grant the SEC's motion.  An Order and Judgment consistent with this Opinion will issue this same day.


/s/_____
PAUL L. FRIEDMAN

DATE:  March 30, 2013                    United States District Judge