UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

RANDOLPH S. KOCH,

    Plaintiff,

v.

MARY JO WHITE, Chair,
  Securities and Exchange Commission,

    Defendant.[1]

Civil Action No. 09-2111 (PLF)

---

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of the Court's Opinion of March 30, 2013, granting the defendant's motion to dismiss or, in the alternative, for summary judgment. After careful consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will deny plaintiff's motion.[2]

I. BACKGROUND

The relevant facts are set forth in the March 30, 2013 Opinion of this Court, Koch v. Walter, 934 F. Supp. 2d 261 (D.D.C. 2013), and the Court summarizes only those facts directly pertinent here.

---

    [1]    The Court has substituted Chair Mary Jo White in place of former Chair Mary L. Schapiro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

    [2]    The papers reviewed in connection with this motion include: the defendant's motion to dismiss or, in the alternative, for summary judgment ("Def.'s Mot.") [Dkt. No. 8]; the plaintiff's opposition to defendant's motion ("Pl.'s Opp.") [Dkt. No. 30]; the defendant's reply in support of her motion to dismiss or, in the alternative, for summary judgment [Dkt. No. 32]; the plaintiff's motion for reconsideration ("Pl.'s Mot.") [Dkt. No. 35]; and the defendant's opposition to plaintiff's motion for reconsideration [Dkt. No. 39].

Plaintiff Randolph S. Koch worked as a financial analyst at the SEC from 1991 to 2009. Koch v. Walter, 934 F. Supp. 2d at 264. In early 2009, Mr. Koch submitted accommodation requests to the agency's disability program office. Id. at 265. After the agency denied these requests, Mr. Koch availed himself of the negotiated grievance procedure contained in the Collective Bargaining Agreement entered into by the SEC and his union. Id. Mr. Koch pursued his grievances at three escalating steps within the agency, and his grievances were denied at each management level. Id. at 265-66. After the adverse step three decision, the union had the option of invoking arbitration on Mr. Koch's behalf but elected not to pursue arbitration; Mr. Koch was permitted to appeal the step three decision to the Equal Employment Opportunity Commission ("EEOC") but declined to do so. Id. at 266.

On November 9, 2009, Mr. Koch filed a civil action in this Court. The SEC moved to dismiss or, in the alternative, for summary judgment, alleging that Mr. Koch was required to appeal the agency's step three decision to the EEOC before filing a civil complaint in this Court. This Court agreed that by failing to pursue this appeal, Koch failed to exhaust his administrative remedies. Id. Mr. Koch now moves for reconsideration of the Court's judgment under Rule 59(e) of the Federal Rules of Civil Procedure. He argues that the Court's decision that he failed to exhaust administrative remedies constitutes "clear error." Pl.'s Mot. at 1.

II. DISCUSSION

A Rule 59(e) motion will not be granted unless there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ciralsky v. C.I.A., 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); accord Hammond v. Kempthorne, 448 F. Supp. 2d 114, 118 (D.D.C. 2006). Motions to amend or vacate a judgment under Rule 59(e) "are not to

be used to re-litigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." Duma v. Unum Provident, 770 F. Supp. 2d 308, 312 (D.D.C. 2011) (quoting MDB Commc'ns, Inc. v. Hartford Casualty Ins. Co., 531 F.Supp.2d 75, 79 (D.D.C. 2008)). "Such motions are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." MDB Commc'ns, Inc. v. Hartford Casualty Ins. Co., 531 F. Supp. 2d at 79 (internal quotation marks omitted).

Mr. Koch argues that the Court should vacate its Opinion of March 30, 2013, on the ground that the Court relied on inapplicable precedent with respect to administrative remedies. Pl.'s Mot. 1. After carefully reviewing Mr. Koch's arguments and the March 30, 2013 Opinion, the Court concludes that it did not rely on inapplicable precedent regarding administrative remedies, nor did it err in finding that Mr. Koch failed to exhaust his administrative remedies.

As discussed in this Court's Opinion, 29 C.F.R. § 1614.401 provides that a complainant who raises an employment discrimination claim through a negotiated grievance procedure and receives an adverse decision by an arbitrator, or receives an adverse decision at step three where arbitration is not invoked, "may" appeal the decision to the EEOC. See Koch v. Walter, 934 F. Supp. 2d at 270. Despite the use of the permissive "may," the D.C. Circuit has held that under these circumstances, an appeal to the EEOC is a mandatory prerequisite to filing a civil action in federal court. Johnson v. Peterson, 996 F.2d 397, 399 (D.C. Cir. 1993); see Koch v. Walter, 934 F. Supp. 2d at 268-69. Because Mr. Koch failed to file an appeal with the EEOC prior to seeking review in this court, he failed to exhaust his administrative remedies.[3]

---

[3] Mr. Koch mistakenly relies on 42 U.S.C. § 2000e-16(c) as authorizing a civil action in a federal district court after either a "final action taken by a department, agency, or unit

For the foregoing reasons, the Court will deny Mr. Koch's motion for reconsideration. Accordingly, it is hereby

ORDERED that [Dkt. No. 35] Mr. Koch's motion for reconsideration is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 26, 2014

---

referred to in subsection (a) of this section." 42 U.S.C. § 2000e-16(c). This provision is inapplicable to Mr. Koch because it refers to the *statutory* procedure the employee may use to pursue a grievance, see Johnson v. Peterson, 996 F.2d at 400, whereas Mr. Koch pursued the negotiated grievance procedure.